UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PAMELA GERKE<br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL<br>SYSTEMS INC.<br>Defendant. | **COMPLAINT** |

## JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k (d) and 47 U.S.C. § 227 (c) (5).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Michigan Occupational Code ("MOC"), and violations of the Telephone Consumer Protection Act ("TCPA") in their illegal efforts to collect a consumer debt.

3. This Court has supplemental jurisdiction over the MOC claims because these claims are so related to the FDCPA and TCPA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Pamela Gerke is a natural person who resides in Davison, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and as defined by MCL § 339.901(f).

6. NCO Financial Systems, Inc. (hereinafter "Defendant") is a Pennsylvania Corporation whose registered agent is The Corporation Company and whose registered agents mailing address is 30600 Telegraph Road Ste 2345 Bingham Farms and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "collection agency" as that term is defined by MCL § 339.901(b).

## FACTUAL ALLEGATIONS

7. On information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes based upon purchases made with a Barclays / Juniper credit card *******0755.

8. On information and belief, Plaintiff failed to pay the debt which went into default and was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9. Within the past year, Plaintiff began receiving prerecorded and artificial voice messages from Defendant on her cell phone.

10. On information and belief, Defendant did not have Plaintiff's prior express permission to make calls to Plaintiff using equipment that has capacity to autodial or leave prerecorded or artificial voice messages.

11. On or about July 14, 2011, Plaintiff called Defendant and revoked permission for them to call her on her cell phone, assuming permission had been previously granted.

12. Plaintiff told Defendant specifically not calls her on her cell phone again.

13. Plaintiff also drafted a letter dated July 14, 2011 revoking permission, assuming any had been given previously, to call her cell phone and sent that to Defendant and Defendants resident agent.  (Exhibit 1).

14. Plaintiff sent this letter via first claim mail to NCO Financial and via certified mail to its resident agent.  (Exhibit 2).

15. Despite this letter and phone call, Defendant continued to call her cell phone well into September 2011 leaving prerecorded messages and artificial voice messages.

16. On information and belief, Defendant also made calls to Plaintiffs cell phone without leaving a message using equipment that has the capacity to autodial.

17. Defendant and Plaintiffs cell phone provider are in possession of all records that will establish the specific dates and times of each of these calls.

18. Plaintiff is not in possession of all records that will establish the specific dates and times of each of these calls.

19. Plaintiff wrote a second letter dated September 26, 2011 with a date of delivery of September 29, 2011.  (Exhibit 3 and 4).

20. These collection communications were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e (10) and in violation of the MOC, including but not limited to MCL § 339.915 (a).

21. On information and belief, at no time did Plaintiff provide prior express permission for anyone to call her cell phone and leave prerecorded or artificial voice messages or use equipment that has the capacity to auto dial.

22. Defendant violated Plaintiffs privacy rights in calling her cell phone using an auto dialer and/or leaving prerecorded or artificial voice messages without prior express permission.

23. Plaintiff seeks damages for each and every call to her cell phone, not simply those in which Defendant chose to leave a message.

## CAUSES OF ACTION
## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. Defendant violated 15 U.S.C. § 1692e (10) because by calling Plaintiff on her cell phone without her prior express permission constitutes a deceptive means to collect a debt.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT II.
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
### MCL § 339.901 et seq.

28. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Michigan Occupational Code ("MOC") including, but

not limited to, each and every one of the above-cited provisions of the MOC, MCL § 339.901 et seq.

30. Defendant violated MCL § 339.915(a) because by calling Plaintiff on her cell phone without prior express permission is a deceptive or misleading communication to collect a debt.

31. The above violations were willful.

32. Plaintiff suffered damage, injury and / or loss because Defendants calls violated Plaintiff's privacy rights.

33. As a result of each and every Defendant's violations of the MOC, Plaintiff is entitled to statutory damages of $150.00 and is entitled to reasonable attorney's fees and costs pursuant to MCL § 399.916(2) from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227

34. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

35. On information and belief, Defendant used an automatic telephone dialing system as defined by 47 USC 227 (a) (1) when it made each and every call to Plaintiffs cell phone in the last four years.

36. On information and belief, Defendant never had Plaintiff's prior express permission prior to contact Plaintiff on her cell phone using an automatic telephone dialing system.

37. Even if Defendant had prior express permission, Plaintiffs'' call and letter to Defendant revoked permission to caller he on her cell phone using equipment that has the capacity to autodial.

38. Defendant made the calls to Plaintiff willfully.

39. Defendant made the calls to Plaintiff knowingly.

40. Defendant's acts in making the calls to Plaintiff were not accidental.

41. Plaintiff has been damaged by the above acts.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## MCL 445.901 et seq.

- for an award of statutory damages of between $50.00 to $150.00 pursuant to MCL § 339.916(2) against Defendant and for Plaintiff for each and every phone call to her cell phone through the use of equipment that has the capacity to autodial;

- for a finding that Defendants above acts were willful;

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL § 339.916(2) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds was not made willfully or not made knowingly;

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds was made willfully or was made knowingly; and

- such other relief as the Court may deem just and proper.

Dated: November 18, 2011

Respectfully submitted,
*Andrew L. Campbell*

Andrew L. Campbell
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff